Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KIHEAM KASMIN CRAWFORD,<br><br>Defendant. | NO. 3:06-cr-00059-01-RRB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR BILL OF PARTICULARS AS TO COUNT 7** |

**I.      Introduction.**

A grand jury for the District of Alaska returned a true bill to a seven-count indictment

charging Kiheam Crawford with violation of federal drug laws (Counts 1 - 6) and with forfeiture of

property in violation of 21 U.S.C. §853(a)(1) and (2).

Count 7 reads as follows:

Upon conviction of one or more of the controlled substance offenses alleged in Counts 1 through 6 of this Indictment, punishable by imprisonment of more than one year, the defendants KIHEAM K. CRAWFORD, a.k.a. "C," and OREYAL A. JACQUET, a.k.a. "Q", shall forfeit to the United States any property constituting or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation, pursuant to 21 U.S.C. § 853(a)(1), and

any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation, pursuant to 21 U.S.C. § 853(a)(2), including but not limited to $12,000.00 in United States Currency, seized on or about April 19, 2006.

## II.    The Government Should Be Required To File A Bill Of Particulars As To Count 7.

Fed.R.Crim.P. 7(c)(1) requires an indictment to "be a plain, concise and definite written statement of the essential facts of the offenses charged."  Ordinarily an indictment will withstand a motion to dismiss "if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994).

Although Count 7 recites some of the elements contained in 21 U.S.C. § 853, it fails to allege that Mr. Crawford or Ms. Jacquet have an interest in the $12,000.00 and fails to identify what other property not otherwise identified in Count 7 that the government seeks to forfeit. Accordingly, Count 7 is insufficient to meet the purposes of Fed.R.Crim.P. 7(c)(1) and (2).  This is because the indictment fails (1) to allege that Mr. Crawford has an interest in the $12,000.00; (2) does not enable Mr. Crawford to prepare his defense as to property not expressly included in Count 7; (3) does not assure Mr. Crawford that he is being prosecuted in Count 7 on the basis of facts presented to the grand jury; (4) there is no basis in Count 7 for asserting a double jeopardy claim should that need ever arise; and (5) there is no basis for the court to independently determine the sufficiency of the charge.

Taken as a whole, the allegations in Count 7 are too vague to enable Mr. Crawford to prepare his defense and avoid or minimize the danger of surprise at trial as to Count 7.

Fed.R.Crim.P. 7(f) provides:

> The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within 10 days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice allows.

A Fed.R.Crim.P. 7(f) bill of particulars has several purposes. *United States v. Giese*, 597 F.2d 1170 (9th Cir. 1979). A bill of particulars is designed:

> . . . to inform the defendant of the exact nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar to another prosecution for the same offense when the indictment itself is too vague and indefinite for such a purpose.

*Id.* at 1180.

Mr. Crawford readily understands that in certain circumstances, a vague and indefinite indictment can be saved if the government provides discovery regarding the exact circumstances of the allegations contained in the indictment. *United States v. Ayers*, 924 F.2d 1468, 1484 (9th Cir. 1991). In this instance, the government has provided no information which identifies which weapons and which firearms not listed in the indictment are subject to forfeiture.

## III.    Conclusion.

Mr. Crawford asks the court for an order directing the government to provide a detailed bill of particulars which informs him of precisely which property not listed in the indictment

the government contends is subject to forfeiture in this case. As it stands now, Mr. Crawford is left to guess at the government's view of which property not expressly identified in the indictment is subject to forfeiture under 18 U.S.C. § 924(c)(1). For these reasons, a bill of particulars is appropriate.

DATED at Anchorage, Alaska this 21st day of August 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:        907-646-3400
Fax:          907-646-3480
E-Mail:       kevin_mccoy@fd.org

Certification:
I certify that on August 21, 2006,
a copy of the *Memorandum of Law
in Support of Motion for Bill of
Particulars as to Count 7* was served
electronically on:

Stephan A. Collins
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK 99513-7567

s/Kevin F. McCoy