Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KIHEAM KASMIN CRAWFORD,<br><br>Defendant. | NO. 3:06-cr-00059-01-RRB<br><br>**KIHEAM CRAWFORD'S<br>SENTENCING MEMORANDUM** |

I.   Introduction.

Kiheam Crawford submits this memorandum to assist the court at the December 20, 2006, sentencing. Because Mr. Crawford is safety valve eligible under 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2, and in accordance with the parties' plea agreement, he will be asking for the following:

**TERM OF IMPRISONMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **70 MONTHS**

**TERM OF SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . . . . . **5 YEARS**

**FINE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$0.00**

**SPECIAL ASSESSMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$100.00**

**II.    The Parties Agree That A Low End Guideline Sentence Is Appropriate.**

The parties have agreed that a low end guideline sentence is appropriate in this case and the government has agreed to recommend a low end guideline sentence.  *See* Plea Agreement, pg. 15, ¶ III. C.  Additionally, the agreement contemplated that Mr. Crawford would be "safety valve eligible," and that the court could impose "a sentence without regard . . . to the statutory mandatory minimum sentence" if Mr. Crawford established safety valve eligibility.  *See* Plea Agreement, pg. 7, ¶ II. D.  A guideline computation that recognizes safety valve eligibility produces the following calculation.

**BASE OFFENSE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **32**[1]

**SAFETY VALVE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **-2**

**ACCEPTANCE OF RESPONSIBILITY** . . . . . . . . . . . . . . . . . . . . . . . . . . . **-3**[2]

**TOTAL ADJUSTED OFFENSE LEVEL** . . . . . . . . . . . . . . . . . . . . . . . . . . **27**

**CRIMINAL HISTORY CATEGORY**  . . . . . . . . . . . . . . . . .  **CATEGORY I**[3]

The computation establishes a recommended guideline range of 70 to 87 months and, in accordance with the parties plea agreement, Mr. Crawford asks for a 70-month sentence.

---

[1]  PSR ¶ 23

[2]  PSR ¶ 32

[3]  PSR ¶ 38

*United States v. Kiheam Kasmin Crawford*
Case No. 3:06-cr-00059-01-RRB                                                                                                    Page 2

### III.  Mr. Crawford Is Safety Valve Eligible.

The court is required to sentence a defendant without regard to any statutory mandatory minimum sentence if the defendant establishes that he or she meets the requirements of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.  *United States v. Cardenas-Juarez*, ___ F.3d ___, 2006 WL 3525108 * 4 (9th Cir. December 8, 2006); *United States v. Real-Hernandez*, 90 F.3d 356, 361 (9th Cir. 1996).

A person convicted of distributing 50 grams or more of cocaine base confronts a mandatory minimum sentence of 10 years.  Title 18 U.S.C. § 3553(f)(1) - (5) and U.S.S.G. § 5C1.1 allow the court to sentence without regard to the mandatory minimum if the five criteria set forth in the statute and the guideline are met.  Those criteria are:

- the defendant does not have more than one criminal history point;

- the defendant did not possess a weapon or use violence or credible threats of violence during the offense;

- the offense did not result in death or serious bodily injury;

- the defendant was not an organizer, leader, manager or supervisor of others during the offense;

- not later than sentencing the defendant has truthfully provided all information and evidence regarding the offense.

The first four criteria are established in the presentence report.  First, Mr. Crawford has only one criminal history point.  PSR ¶¶ 37-38.  Second, Mr. Crawford did not use violence or credible threats of violence during the offense.  PSR ¶¶ 7-18.  Moreover, Mr. Crawford did not possess a firearm or other dangerous instrument during the offense; otherwise he would have received the two-level upward adjustment required under U.S.S.G. § 2D1.1(b)(1) ("If dangerous

instrument (including a firearm) was possessed, increase by 2 levels."). Third, no one was hurt during the offense. PSR ¶¶ 7-18. Fourth, Mr. Crawford was not an organizer, leader, manager or supervisor of others; otherwise he would have received the upward adjustments required under U.S.S.G. § 3B1.1 (Aggravating Role for organizer, leader, manager, and supervisor). PSR ¶ 26.

The last requirement for safety valve relief is the debriefing interview and that is the only unresolved issue. Both 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5) provide:

> [N]ot later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

This provision requires a defendant to provide all the information he or she has concerning the offense of conviction and offenses that were part of the same course of conduct or common scheme. *United States v. Miller*, 151 F.3d 957, 959-60 (9th Cir. 1998). Section 5C1.2(a)(5) contemplates an affirmative act of cooperation with the government not later than sentencing. *United States v. Wrenn*, 66 F.3d 1, 3 (1st Cir. 1995). If the defendant does not possess any information, "he at least should [communicate] that fact to the government in order to qualify for the reduction." *United States v. Shrestha*, 86 F.3d 935, 939 (9th Cir. 1996). However, the government may not frustrate eligibility by unilaterally declining a defendant's offer to submit to a safety valve debriefing interview. *United States v. Brack*, 188 F.3d 748, 763 (7th Cir. 1999).

In the present case, Mr. Crawford has offered in writing to make himself available for the required debriefing interview at the convenience of the government. *See* Exhibit A

(November 21, 2006, letter to government counsel requesting debriefing interview). Mr. Crawford remains willing to be debriefed and of course will agree to a continuance should the government request one to accomplish the interview. However, under the law and as the record now stands, Mr. Crawford has satisfied the fifth safety valve requirement.

IV.   **The Parties Joint Recommendation For A Low End Guideline Sentence And A Fair Balancing Of The 18 U.S.C. § 3553(a) Factors Demonstrate That A 70-Month Sentence Is Appropriate.**

Mr. Crawford is a young man from an extremely dysfunctional background. He is facing his first real period of significant incarceration. His parents never married and he last had contact with his father when he was ten years old. PSR ¶ 43. Mr. Crawford grew up on the streets of Harlem without meaningful guidance and has a significant history involving the use of marijuana. His use of marijuana began two years after he last saw his father. PSR ¶¶ 46, 51. The jointly recommended sentence undoubtedly will include substance abuse treatment and will require a five-year period of supervised release.

A 70-month sentence followed by a five-year period of supervised release offers the court the best opportunity to penalize Mr. Crawford for his misconduct while intervening in a positive way through close supervision and drug treatment. Such a sentence represents a fair balancing of the § 3553(a) factors because it adequately punishes Mr. Crawford for his behavior, provides protection for the community, and because it provides for his rehabilitation.

**V.     Conclusion.**

For all these reasons, Mr. Crawford asks for the following sentence:

**TERM OF IMPRISONMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . **70 MONTHS**

**TERM OF SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . . . . **5 YEARS**

**FINE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$0.00**

**SPECIAL ASSESSMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$100.00**

Additionally, he asks for a strong judicial recommendation that he be permitted to participate in the Bureau of Prisons 500-hour drug and alcohol treatment program.

DATED at Anchorage, Alaska this 13th day of December 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:       907-646-3400
Fax:           907-646-3480
E-Mail:      kevin_mccoy@fd.org

Certification:
I certify that on December 13, 2006,
a copy of *Kiheam Crawford's Sentencing Memorandum* was served electronically on:

Stephan A. Collins
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

and a copy was hand delivered to:

U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

s/Kevin F. McCoy